**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF VIRGINIA**

CLERK'S OFFICE U.S. DISTRICT. COURT
AT CHARLOTTESVILLE, VA
FILED

MAR 14 2025

LAURA A. AUSTIN, CLERK
BY: /s/ 
DEPUTY CLERK

**PATRICIA L. WRIGHT,**

      Plaintiff,

v.   Case No. _5:25cv00021_____

**SELECT BANK, PATRICK E. BERRANG,
J. MICHAEL THOMAS (Trustee),
SETH E. TWERY, PC (Trustee),**

      Defendants.

**PLAINTIFF'S VERIFIED COMPLAINT**

1. Plaintiff, Patricia L. Wright, respectfully submits this Verified Complaint and Emergency Motion for Injunction to remove this case from state jurisdiction and transfer it to federal court under 28 U.S.C. § 1443 (Civil Rights Removal) due to substantial violations of Plaintiff's constitutional rights. Plaintiff seeks an immediate stay of the sale of her property, currently scheduled for March 18, 2025, as this sale would violate due process, improperly bypass pending legal proceedings, and cause irreparable harm.

**I. JURISDICTION AND VENUE**

2. This is a civil action authorized 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiffs' claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

3. The United States District Court for the Western District of Virginia is the appropriate venue in this case because it is where the real property at issue is physically located and a substantial amount of the conduct complained of occurred.

## II. PARTIES

4. Patricia L. Wright, proceeding *pro se*, is the Plaintiff in this action. She is a Citizen of the United States and the Commonwealth of Virginia. Her mailing address is 3154 Afton Mountain Road, # 81, Afton, VA 22920.

5. Select Bank is a banking intuition licensed to do business in the Commonwealth of Virginia, located in Roanoke, Virginia, whose registered agent with who it received service of process is: James K. Cowan Jr., 1328 #Rd St. SW, Roanoke, VA. 24016-5219.

6. Patrick E. Berrang is a Defendant in this case who resides at 29 N. Wayne Avenue, Waynesboro, VA. 22980.

7. J. Michael Thomas is a Defendant in this case who resides at 211 Gristmill Drive, Forest, VA. 24551.

8. Seth E. Twery is a Defendant in this case who resides at 715 Court Street 2nd Floor, Lynchburg VA 24504.

9. All parties are sued in both their official and individual capacities.

## III. FACTUAL BACKGROUND

10. Plaintiff and Defendant are co-grantors on the Deed of Trust, but Plaintiff never signed the promissory note securing the mortgage. The financial obligation is solely in Defendant's name.

11. Defendant has filed a partition suit naming Plaintiff and Select Bank Trustees as Defendants, despite the active mortgage encumbrance, which prevents partition without lender consent.

12. Defendant's attorney has motioned for the forced sale of the property on March 18, 2025, prior to Plaintiff's scheduled trial on March 27, 2025, denying Plaintiff the opportunity to contest ownership before the sale occurs.

13. Plaintiff's due process rights under the Fourteenth Amendment are being violated by the state court's failure to provide a fair trial before allowing the forced sale of her home.

14. The state court proceedings are tainted by conflicts of interest, including:
    - Defendant's connections to a retired judge whose law firm is representing Defendant in the partition suit.
    - The substitute judge's son is an attorney on the Judicial Inquiry and Review Commission (JIRC), the very body responsible for judicial misconduct investigations in Virginia, preventing fair oversight.

15. Defendant's legal team includes Melissa Dowd, former Highland County Prosecutor, who has a documented history of prosecutorial misconduct and ethical violations.

15. Dowd's history of misconduct, including Brady violations and legal ethics breaches, calls into question the fairness of Plaintiff's legal proceedings.

16. Select Bank has engaged in multiple violations of federal mortgage laws, including illegal receivership, predatory lending, fraudulent loan terms, and violations of the Truth in Lending Act (TILA), Real Estate Settlement Procedures Act (RESPA), and other federal statutes.

17. The loan agreement contains unconscionable clauses, including:
    - Unilateral contract terms allowing the lender to modify loan conditions without borrower consent.
    - Illegal homestead waiver and trial by jury waiver.
    - Future advances that increase loan amounts and fees without notice.
    - Trustees that are not independent of the lender, allowing full lender control.

- Foreclosure clauses that do not require proper notice to the borrower.

18. These predatory lending practices violate 15 U.S.C. § 1641(g) (TILA), 12 U.S.C. § 1701j–c, and 18 U.S.C. § 1014 (Mortgage Fraud).

19. Early 2022, my boyfriend, PATRICK E. BERRANG and I met.

20. I told him I wasn't interested in anything permanent because I was trying to move to West Virginia.

21. He said he wanted to go with me and told me to start looking for houses and he would buy the home.

22. I told my ex that I would not move into a house with him unless 1) we were married and 2) the house was paid off. He readily agreed and many times I would question him if he was in agreement with those terms and he would say yes. I believed him 100%.

23. In December of 2023 my ex pressured me to move from my own house to the new house. He then left me the evening of 12.26.23 after spending 35 minutes in the morning telling me he loved me and wanted to get married.

24. The day before, he suddenly announced that we weren't getting married and the house wasn't going to be paid off. I was upset and on 12.26.23 we talked about him lying to me. He admitted to lying, (I have 2 recordings in which he tells me to move and he will take care of the house and that he loved me and wanted to get married.

25. We continued to date and spent all of our spare time going to look at houses. We put a contract on another house prior to purchasing this home, 12002 Jackson River Road, Monterey VA. 24465.).

26. We broke the former contract and then purchased this house on October 18,2022. The closing was at my ex's attorney friends' office. We met there in the

afternoon, because he was working that day and had an appointment later after our closing appointment.

27. During the closing with my ex's bank--Select Bank, the loan officer opened the documents and passed them around. First to my ex and then to me. The documents were never explained to me. First my ex would sign and then I signed.

28. I signed everything except for the promissory note. I'm listed as grantor on the deed of trust and as borrower, (with my ex) on the closing disclosure.

29. After paying for the moving truck and insisting that we move from my home, my ex left and then I heard from his attorney early January 2024 regarding the petition suit.

30. My ex is very well connected and I had great difficulty getting a lawyer. around the beginning I finally found an attorney. I told my attorney about my ex's friendship someone he had introduced me to; a former judge who had 30 years in Highland ,Bath and Augusta County courts who was a substitute judge in highland county court.

31. I told my attorney about my ex's friendship with the substitute judge and how he is senior partner for the same law firm that is representing my ex. Also, a former Highland County court prosecutor, who is on Bradylist.com, was requested to be co-counsel.

32. I asked my attorney to see about getting the case transferred out of Highland County but she did not.

33. This past January 2025, my attorney contacted me and asked me to think about some deposition times. I asked if I could have late February and then never heard from my attorney until 03/28/21.

34. During February, I had emailed and texted my attorney and asked if she gave up on me. I never heard from her until the first week in march when she told me about the motion to sell. I told her about the mortgage fraud and the recordings I

5 | PLAINTIFF'S VERIFIED COMPLAINT

made of my ex and him lying to me. She asked me to forward the mortgage fraud and recordings to her. I did and haven't heard from her again.

35. Plaintiff's own attorney has failed to advocate for her rights, attempting to pressure Plaintiff into conceding to the sale instead of pursuing legal remedies.

36. Due to these factors, Plaintiff has no faith in the impartiality of the state court and requests federal intervention to prevent irreparable harm and ensure due process.

## IV. LEGAL CLAIMS

### A. Federal Jurisdiction is Proper Under 28 U.S.C. § 1443

37. Under 28 U.S.C. § 1443, cases may be removed to federal court where state court actions deny civil rights under color of law. Plaintiff's right to due process and property rights are being systematically violated through judicial bias, improper legal tactics, and an attempt to force a sale before a fair trial.

### B. Emergency Injunction is Necessary to Prevent Irreparable Harm

38. The sale of the property on March 18, 2025, before trial on March 27, 2025, would result in irreparable harm to Plaintiff. If the sale proceeds before Plaintiff has an opportunity to present her legal claims, she will permanently lose her home and equity interest. Courts regularly enjoin sales that would cause irreparable harm (Fuentes v. Shevin, 407 U.S. 67 (1972)).

### C. Mortgage Fraud and Predatory Lending Practices Justify Federal Oversight

39. Select Bank and Defendant engaged in fraudulent and predatory lending, violating:

- Truth in Lending Act (TILA) – 15 U.S.C. § 1641(g) (Failure to disclose loan transfers and obligations).

- Real Estate Settlement Procedures Act (RESPA) – 12 U.S.C. § 2601 et seq. (Unlawful mortgage servicing practices).
- Mortgage Fraud – 18 U.S.C. § 1014 (False loan terms, excessive lender control over foreclosure process).
- Virginia Contract Law Violations (Unenforceable contract terms and improper foreclosure clauses).

### D. Judicial Bias, Prosecutorial Misconduct, and Conflicts of Interest Require Federal Oversight

40. The U.S. Supreme Court has ruled that judicial conflicts of interest violate due process (Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)). Given the deep political and legal connections between Defendant, the substitute judge, and judicial oversight bodies, Plaintiff cannot receive a fair trial in state court.

41. Furthermore, prosecutorial misconduct by Melissa Dowd further compromises Plaintiff's ability to obtain justice. The Supreme Court has long held that due process is violated when prosecutors engage in misconduct, with Brady violations being among the most egregious infractions (Brady v. Maryland, 373 U.S. 83 (1963)). Dowd's involvement in the case further justifies federal intervention.

42. The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

## V. REQUEST FOR RELIEF

43. For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. GRANT a temporary and permanent injunction staying the sale of Plaintiff's property, currently scheduled for March 18, 2025, until a full trial is conducted.
2. ORDER that no further partition proceedings occur in state court while federal review is pending.
3. GRANT any further relief the Court deems just and proper.

Respectfully submitted,

_____
Patricia L. Wright
3154 Afton Mountain Road, # 81
Afton, VA 22920

Plaintiff, Pro Se

## VERIFICATIONS

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

_____
Patricia L. Wright
3154 Afton Mountain Road, # 81
Afton, VA 22920

Plaintiff, Pro Se