CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
March 17, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| Patricia L. Wright ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:25-cv-00021 |
| ) | |
| Select Bank *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on *pro se* Plaintiff Patricia L. Wright's motion for a temporary restraining order and preliminary injunction ("TRO motion") (Dkt. 2). Wright is a defendant in a partition action currently pending before an unidentified Virginia state court. The state partition action concerns the property where Wright currently resides, and she alleges that the state court is allowing a forced sale of the property to move forward on March 18, 2025. Wright filed suit in this court to challenge the state proceedings and the underlying loan agreement for the property. In her verified complaint, she attempts to remove the partition action to this court under 28 U.S.C. § 1443, asks this court to enjoin the forced sale and the state-court proceedings, and appears to allege multiple federal- and state-law claims related to the loan agreement. For the reasons discussed below, there is no basis for removing the state partition action to this court, and this court lacks authority to enjoin the state proceedings. Accordingly, the court will deny Wright's TRO motion.

## I.    Background

In October 2022, Wright and her then-boyfriend Patrick E. Berrang purchased a house, evidently in Highland County, Virginia. (Verified Compl. (Dkt. 1) ¶ 26; *see* Dkt. 1-1.) Select Bank assisted with the closing. (Verified Compl. ¶ 27.) Wright states that she and Berrang were listed as "co-grantors" on a deed of trust for the property and as co-borrowers on the closing disclosure. (*Id.* ¶¶ 10, 28.) However, only Berrang signed the promissory note securing the mortgage. (*Id.*) In late December 2023, shortly after Wright moved into the house, Berrang broke off the relationship and told her "the house wasn't going to be paid off." (*Id.* ¶¶ 23–24.)

Around January 2024, Berrang filed a partition suit in Virginia state court, naming both Wright and Select Bank as defendants. (*Id.* ¶¶ 11, 29.) Wright does not identify the state court in which the partition suit was filed, and little information is available about the proceedings in that case. She states that Berrang's attorney has moved for a forced sale of the property to take place on March 18, 2025, which is before the state court's scheduled trial date of March 27, 2025. (*Id.* ¶ 12.) It is not entirely clear whether the state court has approved that proposed sale date, but Wright indicates that it has. (*See id.* ¶¶ 38, 43.)

On March 14, 2025, Wright, proceeding *pro se*, filed a verified complaint against Select Bank and Berrang in this court.[1] Her complaint briefly alleges that Select Bank and Berrang engaged in fraudulent and predatory lending in violation of the Truth in Lending Act, 15 U.S.C. § 1641(g), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, and 18

---

[1] Wright also names two other individuals—J. Michael Thomas and Seth E. Twery—as defendants. (Verified Compl. ¶¶ 7–8.) Wright's filings do not describe what roles, if any, Thomas and Twery played in the underlying events.

- 2 -

U.S.C. § 1014. (*Id.* ¶¶ 16, 18, 39.) It also alleges violations of Virginia contract law. (*Id.* ¶¶ 17, 39.) In her complaint, Wright attempts to remove the state partition action to this court under 28 U.S.C. § 1443, which authorizes removal in certain civil rights cases. (*Id.* ¶ 1.)

The same day she filed her verified complaint, Wright moved for a TRO under Federal Rule of Civil Procedure 65(b). (*See* TRO Mot. (Dkt. 2).) In both her complaint and TRO motion, Wright asks this court to (1) grant an injunction staying the sale of the property until the state court holds a trial and (2) order a stay of the state partition action "while federal review is pending." (*Id.* at 18; Verified Compl. ¶ 43.) Wright claims the forced sale will violate her due process rights under the Fourteenth Amendment if it takes place before the trial. (TRO Mot. at 7.) She further alleges that the state court is biased against her because (1) a former substitute judge in Highland County is a senior partner at the law firm representing Berrang, (2) that same former judge's son sits on Virginia's Judicial Inquiry and Review Commission, which conducts judicial misconduct investigations, and (3) one of the attorneys representing Berrang is a former Highland County prosecutor with a history of prosecutorial misconduct and ethical violations. (*Id.* at 6–7; Verified Compl. ¶¶ 14–15, 30–31.) Wright also raises concerns about the services her attorney has provided in the partition action. (*See* TRO Mot. at 7.)

## II. Standard of Review

Federal Rule of Civil Procedure 65(b) authorizes courts, in limited circumstances, to issue a temporary restraining order without notice to adverse parties or their attorneys. Fed. R. Civ. P. 65(b)(1). A party seeking a temporary restraining order under Rule 65(b) must satisfy two procedural requirements. *Id.* First, the movant must point to "specific facts in an

affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *Id.* Second, the "movant's attorney [must] certif[y] in writing any efforts made to give notice and the reasons why it should not be required." *Id.* In addition, the movant must show that the four preliminary-injunction factors favor injunctive relief. She must demonstrate (1) by a "clear showing" that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm without preliminary relief; (3) that the balance of equities tips in her favor; and (4) that a preliminary injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017).

The court, however, need not engage in Rule 65 analysis as remedies Plaintiff seeks from this court are not available pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283.

### III. Analysis

**A. Wright Cannot Remove the State Partition Action Under 28 U.S.C. § 1443**

Wright seeks to "remove [the partition] case from state jurisdiction and transfer it to federal court under 28 U.S.C. § 1443 (Civil Rights Removal) due to substantial violations of [her] constitutional rights." (Verified Compl. ¶ 1.) Section 1443 does not authorize removal in this case.

The relevant portion of § 1443 permits a defendant to remove a civil action "[a]gainst any person who is denied or cannot enforce in the courts of [the] State a right under any law providing for the equal civil rights of citizens of the United States or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). "The Supreme Court has limited the meaning

of a 'law providing for equal rights' in § 1443 to only those concerning racial equality." *Vlaming v. W. Point Sch. Bd.*, 10 F.4th 300, 309 (4th Cir. 2021) (citing *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Thus, to remove a case to federal court under § 1443(1), "a defendant must show (1) that he is being deprived of rights guaranteed by federal laws protecting against racial discrimination and (2) that 'it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.'" *Noel v. McCain*, 538 F.2d 633, 635 (4th Cir. 1976) (quoting *Greenwood v. Peacock*, 384 U.S. 808, 828 (1966)).

Wright has not identified a valid ground for removal under § 1443. She asserts that her "right to due process and property rights are being systematically violated through judicial bias, improper legal tactics, and an attempt to force a sale before a fair trial." (*Id.* ¶ 37; *see id.* ¶ 13.) The Supreme Court has squarely held that the rights guaranteed by the Fourteenth Amendment Due Process Clause do not support removal under § 1443 because those rights are "phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands." *Rachel*, 384 U.S. at 792. Thus, this court cannot exercise removal jurisdiction over the state partition action under § 1443.[2]

Wright's filings suggest that she is not merely seeking to remove the state partition action to federal court. Her verified complaint also appears to allege multiple federal-law and state-law claims against Select Bank and Berrang related to the parties' loan agreement

---

[2] Wright does not identify any other basis for removal. There is no indication that the state partition action involves any federal question. The parties are all citizens of Virginia, (Verified Compl. ¶¶ 4–8), so this court could not exercise diversity jurisdiction over the case. And even if the state action were removable, Wright has not complied with the procedural requirements for removing a case to federal court. *See* 28 U.S.C. § 1446.

for the property. The court therefore will not dismiss the entire action for lack of subject matter jurisdiction. However, the court advises Wright that her verified complaint, in its current form, does not include enough factual detail to support her claims. The complaint alleges violations of multiple federal mortgage laws, but it does not provide any context for those alleged violations. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies that standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court may *sua sponte* dismiss Wright's complaint for failing to state a claim if she does not file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a) that corrects these issues. *See Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290–91 (4th Cir. 2021).

### B. This Court Lacks Authority to Stay the State Partition Action

In her verified complaint and TRO motion, Wright asks this court to issue an injunction staying the state partition action, including the forced sale of the property. This court does not have the authority to order such a stay.

The federal Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Act imposes "an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Denny's, Inc. v. Cake*, 364 F.3d 521, 528–29 (4th

Cir. 2004) (quoting *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977) (plurality opinion)). Thus, a federal court may enjoin a state proceeding only if an injunction is "(1) expressly authorized by statute; (2) necessary to aid the court's jurisdiction; or (3) required to protect or effectuate the court's judgments." *Id.* at 529 (citing *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988)).

None of the three exceptions recognized by the Anti-Injunction Act applies here.[3] As to the first exception, Wright has not identified a federal statute that empowers this court to enjoin the state partition proceedings. The first exception "is not triggered simply by the fact that a state proceeding involves a question of federal law." *Emps. Res. Mgmt. Co. v. Shannon*, 65 F.3d 1126, 1130 (4th Cir. 1995). "Rather, when a state proceeding presents a federal issue, . . . the proper course is to seek resolution of that issue by the state court." *Id.* (quoting *Chick Kam Choo*, 486 U.S. at 149–50). The "in aid of jurisdiction" exception is also inapplicable. That exception historically applied when a federal court was the first to obtain jurisdiction in an *in rem* action, and federal courts have also invoked it when resolving complex litigation. *See In re Am. Honda Motor Co. Dealerships Relations Litig.*, 315 F.3d 417, 439 (4th Cir. 2003); *United States v. Purdue Frederick Co.*, 963 F. Supp. 2d 561, 571–72 (W.D. Va. 2013). This is not a case where the state proceedings "so intefer[e] with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atl. Coast Line R. Co. v. Brotherhood of Locomotive Eng'rs*, 398

---

[3] Based on the allegations in Wright's verified complaint, it appears that the state court has not yet issued a final judgment in the partition action. If the state court has rendered a final judgment, this court would lack subject matter jurisdiction to hear claims challenging that judgment. *See, e.g.*, *Adkins v. Rumsfeld*, 464 F.3d 456, 463–64 (4th Cir. 2006).

U.S. 281, 295 (1970). Further, there exists no judgment that this court needs to protect or effectuate by enjoining the ongoing state partition suit.

The court is sympathetic to the hardships Wright will face if she is evicted from her home, but it has no authority to enjoin the state-court proceedings.

## IV.    Conclusion

For the reasons stated above, Wright's TRO motion (Dkt. 2) will be **DENIED**. An appropriate Order will accompany this Memorandum Opinion.

ENTERED this 17th day of March, 2025.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE