CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
May 02, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| Patricia Wright, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:25-cv-00021 |
| ) | |
| Select Bank *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Patricia Wright, proceeding *pro se*, filed this lawsuit to challenge a state-court partition action and alleged violations of mortgage and consumer-protection laws. This matter is before the court on several motions Wright has filed since filing her amended complaint, including four motions seeking an entry of default or default judgment against Defendant Select Bank (Dkts. 13, 14, 20, 21); a motion to compel production of certain documents (Dkt. 12); two motions seeking to enforce her right to rescind the mortgage under the federal Truth in Lending Act ("TILA") (Dkts. 18, 19); a "motion for constructive trust, permanent injunction, quiet title, and final equitable relief" (Dkt. 31); a "motion to request appointment of external oversight monitor for Highland County government entities due to pattern of misconduct" (Dkt. 30); a "motion to strike untimely or defective filing by Select Bank" (Dkt. 29); and a "conditional motion to dismiss, motion for Rule 11 sanctions, and notice of anticipated retaliatory litigation by associated parties" (Dkt. 32). For the reasons explained below, the court will deny each of these motions.

## I.   Background

In October 2022, Wright and her ex-boyfriend Patrick E. Berrang purchased a house in Highland County, Virginia. (*See* Verified Compl. ¶¶ 25–26 (Dkt. 1).) Select Bank provided a mortgage for the property. (*See id.* ¶ 16, 27.) Wright states that she and Berrang were listed as "co-grantors" on a deed of trust for the property and as co-borrowers on the closing disclosure, but that only Berrang signed the promissory note securing the mortgage. (*Id.* ¶¶ 10, 28.) Berrang later broke off the relationship and, around January 2024, filed a partition suit in Virginia state court. (*Id.* ¶¶ 11, 29.)

On March 14, 2025, Wright, proceeding *pro se*, filed a verified complaint against Select Bank and Berrang in this court.[1] (*See* Verified Compl.) That complaint alleged that Select Bank and Berrang engaged in fraudulent and predatory lending in violation of TILA and several other federal statutes. (*Id.* ¶¶ 16, 18, 39.) It also alleged violations of Virginia contract law. (*Id.* ¶¶ 17, 39.) In the complaint, Wright attempted to remove the state partition action to this court under 28 U.S.C. § 1443, which authorizes removal in certain civil rights cases. (*Id.* ¶ 1.) The same day she filed her complaint, Wright moved for a temporary restraining order, asking the court to stay the sale of the property until the state court holds a trial and, more broadly, to stay the entire state partition action "while federal review is pending." (Dkt. 2 at 18.)

On March 17, 2025, this court entered an order denying Wright's motion for a temporary restraining order and preliminary injunction. (Dkt. 4.) The court also determined

---

[1] Wright also names two other individuals—J. Michael Thomas and Seth E. Twery—as defendants. (Verified Compl. ¶¶ 7–8.) Wright's verified complaint and amended complaint do not describe what roles, if any, Thomas and Twery played in the alleged events.

that Wright could not remove the state-court action under 28 U.S.C. § 1443 and had not identified any other proper ground for removal. (Dkt. 3 at 4–6.) Finally, the court advised Wright that her verified complaint did not allege sufficient facts to state a claim for relief against Select Bank. (*Id.* at 6.)

Wright filed an amended complaint on March 20, 2025.[2] (Am. Compl. (Dkt. 5).) She has since filed numerous exhibits in support of her amended complaint. (*See* Dkts. 9, 10-2–10-25.) Wright has not properly served either Select Bank or any other Defendant with a summons issued by the Clerk of this court. Although it has not received proper service, Select Bank has filed a motion to dismiss Wright's amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. 23.)

Select Bank's motion to dismiss remains pending, and the court will address that motion in a separate order. The court issues this Memorandum Opinion and Order to resolve the numerous motions Wright has filed and advise Wright about proper motions practice moving forward.

## II.    Analysis

### A. Motions for Entry of Default and Default Judgment

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. It provides that "[w]hen a party against whom a judgment for affirmative relief is sought has

---

[2] Wright filed a motion for leave to amend along with her amended complaint. (Dkt. 6.) Wright was not required to seek leave to file her amended complaint. She filed it within 21 days of the date she filed her original complaint, so she was entitled to amend as a matter of course under Federal Rule of Civil Procedure 15(a). *See* Fed. R. Civ. P. 15(a)(1)(A).

In her amended complaint, Wright once again seeks to remove the state-court partition action, this time under 28 U.S.C. § 1441. (*See* Am. Compl. ¶ 5.) As the court previously explained, Wright has not shown that the case is removable under that statute or complied with the requirements for removal under 28 U.S.C. § 1446. (*See* Dkt. 3 at 5 n.2.)

failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). In cases where a plaintiff does not seek liquidated damages, the plaintiff then "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

A plaintiff may request an entry of default—and then a default judgment—when a defendant fails to file a responsive pleading or motion to dismiss within the time frame prescribed by Federal Rule of Civil Procedure 12. That response period begins to run when the plaintiff has properly served the defendant or the defendant has waived service of process. *See* Fed. R. Civ. P. 12(a). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999). "That means that a court cannot enter a judgment, default or otherwise, against a defendant that has not either waived service of process or been properly served." *Fitzgerald v. Story*, No. 3:17-cv-00049, 2018 WL 3825228, at *2 (W.D. Va. Aug. 10, 2018) (citation omitted); *see also Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a . . . default judgment may be entered against a defendant.").

Federal Rule of Civil Procedure 4 outlines the rules for service of process. Among other requirements, the plaintiff must obtain and serve the defendant with a summons that is "signed by the clerk" of the court and "bear[s] the court's seal." Fed. R. Civ. P. 4(a)(1). Wright has not complied with these requirements. While she has filed a "master certificate of service" stating that she mailed Select Bank a copy of the amended complaint and several exhibits on

- 4 -

April 2, 2025, (*see* Dkt. 11-4), she has not obtained a summons from the Clerk of this court. To complete service of process, she must properly serve each Defendant with a valid summons, issued by the Clerk's Office, along with a copy of her amended complaint (unless Defendants choose to waive service of summons by signing the waiver form). *See* Fed. R. Civ. P. 4(b)–(d). Service must be completed within 90 days of the date Wright filed her original complaint. *See* Fed. R. Civ. P. 4(m).

Because Wright has not properly served any Defendant, she is not entitled to an entry of default or default judgment against Select Bank.

### B. Motion to Compel

Wright has moved to compel Select Bank "to fully disclose the securitization status, chain of title, and identities of any parties or trusts with a beneficial interest in the mortgage loan and promissory note subject to this action." (Dkt. 12 at 1.) She relies on Federal Rules of Civil Procedure 26 and 34, while also arguing that TILA, the Real Estate Settlement Procedures Act ("RESPA"), and her due process rights support her motion. (*Id.*)

To the extent that Wright moves to compel discovery under Rules 26 and 34, the motion is premature. Rule 26(d) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Here, Wright has not properly served Select Bank, the parties have not held a Rule 26(f) conference, and this case is not exempt from initial disclosure under Rule 26(a)(1)(B). To the extent that Wright asks the court to order immediate disclosure of the mortgage information based on TILA, RESPA, or the Due

Process Clause, she has not shown that she is entitled to that kind of preliminary injunctive relief. Accordingly, the court will deny Wright's motion to compel.

### C. Motions Seeking Final Relief

Wright has filed three different motions seeking various forms of final relief: a "motion to enforce TILA rescission under 15 U.S.C. § 1635(b)" (Dkt. 18), a "motion to enforce TILA rescission and void security interest" (Dkt. 19), and a "motion for constructive trust, permanent injunction, quiet title, and final equitable relief" (Dkt. 31). The first two of these motions merely restate requests for relief that appear in Wright's amended complaint, while the third requests several additional remedies. The court advises Wright that it may not grant final judgment at this early stage of the proceedings, especially when Defendants have not even received proper service of process. *See, e.g.*, *Fitzgerald*, 2018 WL 3825228, at *2. These three motions will be denied as premature.

### D. Other Motions

The court also will deny Wright's "motion to request appointment of external oversight monitor for Highland County government entities due to pattern of misconduct" (Dkt. 30), her "motion to strike untimely or defective filing by Select Bank" (Dkt. 29), and her "conditional motion to dismiss, motion for Rule 11 sanctions, and notice of anticipated retaliatory litigation by associated parties" (Dkt. 32). The court lacks the authority to appoint the monitor Wright requests in the first of these three motions, and it cannot grant Wright's

second and third motions because she seeks relief against hypothetical events that had not occurred at the time she filed the motions.[3]

### III. Conclusion and Order

For the foregoing reasons, it is **ORDERED** that:

- Wright's motion to compel securitization disclosure and identification of beneficiaries (Dkt. 12) is **DENIED**.

- Wright's motion for default judgment and final relief under TILA (Dkt. 13) is **DENIED**.

- Wright's motion for entry of default as to Select Bank (Dkt. 14) is **DENIED**.

- Wright's motion to enforce TILA rescission under 15 U.S.C. § 1635(b) (Dkt. 18) is **DENIED**.

- Wright's motion to enforce TILA rescission and void security interest (Dkt. 19) is **DENIED**.

- Wright's motion for default judgment as to Select Bank (Dkt. 20) is **DENIED**.

- Wright's motion for entry of default against Select Bank (Dkt. 21) is **DENIED**.

- Wright's motion to strike untimely or defective filing by Select Bank (Dkt. 29) is **DENIED**.

- Wright's motion to request appointment of external oversight monitor for Highland County government entities due to pattern of misconduct (Dkt. 30) is **DENIED**.

- Wright's motion for constructive trust, permanent injunction, quiet title, and final equitable relief (Dkt. 31) is **DENIED**.

---

[3] Wright has also filed several "notices" that are not styled as motions but request certain relief from the court. On April 7, 2025, she filed a "notice of anticipated evasion and request to strike improper responses or dilatory tactics." (Dkt. 15.) This notice addresses hypothetical future events and does not request any relief the court may grant at this stage. On April 25, 2025, Wright asked for a 21-day "extension" "to allow for the completion of all service packets, declaration supplements, and final filings." (Dkt. 37; *see* Dkts. 35–36.) The court advises Wright that she is not required to submit declarations, affidavits, or other evidence with the court at this phase of her case. The court will resolve Select Bank's motion to dismiss based on the allegations in her amended complaint, the supporting exhibits she has filed, and the parties' briefing on the motion to dismiss.

- Wright's conditional motion to dismiss, motion for Rule 11 sanctions, and notice of anticipated retaliatory litigation by associated parties (Dkt. 32) is **DENIED**.

Moving forward, the court advises Wright to refrain from filing premature, duplicative, or procedurally defective motions, which will only delay the resolution of this matter. While the court recognizes that Wright is proceeding without the assistance of counsel, Wright is advised that *pro se* parties, like all litigants, must comply with the Federal Rules of Civil Procedure. *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

**IT IS SO ORDERED**

ENTERED this 2nd day of May, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE