IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

**Patricia L. Wright**,
Plaintiff,

v.

**Select Bank**, et al.,
Defendants.

CLERK'S OFFICE U.S. DISTRICT. COURT
AT HARRISONBURG, VA
FILED

MAY 0 2 2025

LAURA A. AUSTIN, CLERK
BY:
DEPUTY CLERK

Case No. 5:25-cv-00021-JHY-JCH

## MOTION TO ENFORCE TILA RESCISSION AND FOR DEFAULT JUDGMENT UNDER RULE 55

Plaintiff Patricia L. Wright ("Plaintiff"), proceeding pro se, respectfully moves this Court to enforce her rescission rights under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635, and enter default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure against Defendant Select Bank ("Defendant"), and in support thereof states:

### I. INTRODUCTION

On March 20, 2025, Plaintiff lawfully exercised her right to rescind the mortgage loan and Deed of Trust held by Select Bank by serving a **TILA Rescission Letter** pursuant to **15 U.S.C. § 1635(a)**. Defendant failed to comply with its statutory obligations within the required **20-day period** under **15 U.S.C. § 1635(b)**.

Despite receiving Plaintiff's rescission notice no later than **March 24, 2025**, Defendant did not respond with valid performance by **April 9, 2025**, the statutory deadline. A subsequent delivery was made to Plaintiff's correct address on **April 18, 2025**, well outside the 20-day period. Improper attempts were made to deliver documents to an unauthorized address where Plaintiff does not receive mail, in violation of both due process and TILA statutory requirements.

Pursuant to **Jesinoski v. Countrywide**, 574 U.S. 259 (2015), rescission is complete upon notice. Defendant's failure to unwind the loan constitutes a statutory default. Plaintiff now moves for entry of **default judgment under Rule 55(b)** and enforcement of rescission.

## II. FACTUAL BACKGROUND

1. On March 20, 2025, Plaintiff mailed a **TILA Rescission Letter** (Exhibit B) to Select Bank by certified mail.
2. USPS tracking shows delivery occurred on **March 24, 2025**.
3. Pursuant to **15 U.S.C. § 1635(b)**, Select Bank had **20 calendar days**, until **April 9, 2025**, to terminate its security interest, return consideration, and take all action necessary to reflect rescission.
4. Select Bank failed to lawfully respond within that period.
5. Improper UPS deliveries were made to **12002 Jackson River Road, Monterey, VA**, where Plaintiff has never authorized service and maintains no mailbox.
6. One delivery to Plaintiff's proper address occurred via UPS on **April 18, 2025 — nine (9) days after** the statutory deadline.
7. Plaintiff filed an **Affidavit of Fraudulent Delivery (Exhibit AR)** detailing the improper delivery tactics used to frustrate receipt and obscure non-compliance.
8. Plaintiff is a Grantor on the Deed of Trust, a co-owner of the Property, and was listed as a Borrower on the Closing Disclosure (Exhibit AA).
9. Select Bank filed a Motion to Dismiss under Rule 12(b)(1) and (6), but this procedural motion **does not toll, suspend, or override its statutory obligations** under TILA.
10. No request for stay was filed. The rescission therefore became effective by operation of law.

## III. LEGAL STANDARD

**15 U.S.C. § 1635(b)** provides:

"When an obligor exercises his right to rescind... the creditor shall return to the obligor any money or property... and shall take any action necessary... to reflect the termination of any security interest... within 20 days after receipt of a notice of rescission."

In **Jesinoski v. Countrywide**, 574 U.S. 259 (2015), the Supreme Court held:

"So long as the borrower notifies within three years... [rescission] is effected upon notice."

**Rule 55(a)** allows default when a party "has failed to plead or otherwise defend."

**Rule 55(b)** authorizes the Court to enter default judgment.

Failure to comply with a federal rescission statute is a **default** within the meaning of Rule 55.

## IV. ARGUMENT

### A. Rescission Was Complete Upon Notice

Plaintiff's rescission was lawfully served, and no dispute exists as to the March 24, 2025 delivery. No prior court approval was required. The loan and Deed of Trust became void on that date. See **15 U.S.C. § 1635(a)** and *Jesinoski*, supra.

### B. Defendant Defaulted by Failing to Perform Under 15 U.S.C. § 1635(b)

Defendant's response, even if eventually transmitted, was:

- Delivered to an unauthorized address (Exhibit AR);
- Not filed with the Court until challenged;
- Improperly attempted after the 20-day deadline;
- In violation of Plaintiff's federal rights under TILA.

This constitutes a **default under Rule 55(a)** and justifies entry of **default judgment under Rule 55(b)**.

### C. Rule 12(b) Does Not Shield Select Bank From Statutory Default

Select Bank's pending 12(b) motion is procedurally irrelevant. **TILA imposes mandatory performance obligations**, which are not stayed by a procedural motion or by informal delay tactics. Defendant's participation in the case, without requesting a stay, and without timely performance, is a further waiver.

## D. Plaintiff Has Standing and Legal Capacity to Rescind

As shown in Exhibit AA, Plaintiff is:

- A Grantor on the Deed of Trust;
- A named Borrower on the Closing Disclosure;
- A legal and equitable interest holder in the Property.

Her rescission rights are enforceable.

## V. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. **Declare that rescission of the mortgage loan and Deed of Trust was effective as of March 24, 2025;**
2. **Void any and all security interests held by Select Bank in the subject property;**
3. **Permanently enjoin Select Bank from any attempt to collect, foreclose, or otherwise enforce the voided instrument;**
4. **Grant default judgment under Rule 55(b)** based on failure to perform under 15 U.S.C. § 1635(b);
5. **Award further relief the Court deems just and proper.**

Respectfully submitted,

May 1, 2025

*(signature)*

**Patricia L. Wright**
3154 Afton Mountain Road, #81
Afton, VA 22920
pattywri1@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused a true and correct copy of the foregoing Motion to Enforce TILA Rescission and for Default Judgment to be served by U.S. Mail, Certified Mail with Return Receipt, upon:

**Robert H. Chappell III**
Spotts Fain PC
P.O. Box 1555
Richmond, VA 23218-1555
**Certified Mail Tracking #:** 7019 1640 0001 3459 4846
**Return Receipt #:** 9590 9402 8291 3094 3799 26

**Christopher A. Hurley**
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, VA 23219
**Certified Mail Tracking #:** 7019 1640 0001 3459 4518
**Return Receipt #:** 9590 9402 8291 3094 3799 19

Executed on May 1, 2025.

_____
Patricia L. Wright