IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
05/23/2025
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

| | |
|---|---|
| Patricia Wright, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:25-cv-00021 |
| ) | |
| Select Bank *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the following motions filed by Plaintiff Patricia Wright:

- "Motion to enforce TILA rescission and for default judgment under Rule 55" against Defendant Select Bank (Dkt. 40);

- "Motion for entry of default and default judgment against Defendants Patrick E. Berrang, Jeffrey Ward, and Melissa Dowd" (Dkt. 42);

- "Motion for sanctions against Select Bank based on retaliatory conduct and improper service" (Dkt. 46);

- "Emergency motion for temporary restraining order and federal protection against unlawful state enforcement" (Dkt. 54);

- "Motion for temporary restraining order, protective relief, and leave to file amended declarations and supplemental exhibits" (Dkt. 60);

- "Motion to strike void state court proceedings post-removal" (Dkt. 61);

- "Motion for sanctions, contempt, and referral for federal investigation against state court actors" (Dkt. 62);

- "Motion to enjoin enforcement of void state court order and property transfer" (Dkt. 66); and

- "Motion to stay and enjoin state court order dated May 7, 2025" (Dkt. 71).

The above-listed motions are hereby **DENIED**. Wright's two motions seeking an entry of default, default judgment, or enforcement of her rescission rights under the Truth in Lending Act ("TILA") (Dkts. 40 and 42) are **DENIED** for the same reasons the court denied her earlier motions seeking the same relief. (*See* Dkt. 39 at 3–6.) As the court has previously explained, Wright has not yet completed service on any defendant, so no defendant is yet in default. Wright's request for final relief on her TILA rescission claim is also premature.

Wright's motions requesting injunctive and declaratory relief against pending state-court proceedings (Dkts. 54, 60, 61, 66, and 71) are also **DENIED**.[1] The court already has informed Wright that it lacks the authority to grant the relief she requests against the state-court proceedings. (*See* Dkt. 3 at 6–8.) While Wright continues to claim that the state-court action has been removed to this court, the court advises Wright for a second time that she has not complied with the statutory requirements for removal. This court lacks jurisdiction over the state-court action.

Wright's motions for sanctions against Select Bank (Dkt. 46) and for sanctions, contempt, and referral for federal investigation against certain non-parties (Dkt. 62) are likewise **DENIED**. The court has reviewed the arguments Wright raised in her filings and finds no grounds for imposing sanctions on Select Bank. The second of these motions (Dkt. 62) seeks to sanction non-parties for continuing the state-court proceedings, which, again, this court does not have the power to do.

---

[1] In some of these motions, Wright also asks for leave to amend her complaint in this case and to "supplement the record" with additional filings. (*See* Dkt. 54 at 2; Dkt. 60 at 2.) Wright has separately filed a motion for leave to amend and a motion for leave to file supplemental materials. The denial of the motions addressed in this Order does not resolve those requests for leave.

The court has now denied more than 20 motions that Wright has filed before even serving Defendants. On May 2, 2025—before she filed any of the motions addressed in this Memorandum Opinion and Order—the court advised her to refrain from filing premature, duplicative, or procedurally defective motions. (Dkt. 39 at 8.) Wright has not complied with that instruction. The court again cautions Wright not to file duplicative, vexatious, and frivolous filings as they abuse the judicial process. The court is aware that Wright is representing herself in this matter. But *pro se* parties, like all litigants, are expected to comply with the Federal Rules of Civil Procedure, and they have an obligation to ensure that their filings are not frivolous and do not cause unnecessary delay. *See* Fed. R. Civ. P. 11(b). The court advises Wright that it may impose a pre-filing injunction and other sanctions as provided by law, if she continues to make filings without merit, especially those based on the same arguments this court has already addressed and rejected. *Cromer v. Kraft Foods of N. Am., Inc.*, 390 F.3d 812, 817–18 (4th Cir. 2004) (noting that a judge has "authority to limit access to the courts by vexatious and repetitive litigants" under appropriate circumstances).

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to Wright and all counsel of record.

**IT IS SO ORDERED.**

**ENTERED** this 23rd day of May, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE