CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
August 26, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| Patricia L. Wright, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:25-cv-00021 |
| ) | |
| Select Bank *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

This matter is before the court on Plaintiff Patricia L. Wright's "Rule 60(b) motion for relief from final order and request for reconsideration; request for judicial recusal" (Dkt. 138). For the reasons stated below, the court will deny Wright's motion.

### I.   Background

On July 28, 2025, this court entered an order dismissing all claims in Wright's amended complaint without prejudice and denying Wright's motions for leave to amend. (Dkt. 136.) On August 1, 2025, Wright filed the pending motion seeking relief from that order under Federal Rule of Civil Procedure 60(b). (Dkt. 138.) She alternatively asks that the assigned district judge and magistrate judge recuse themselves from this case pursuant to 28 U.S.C. § 455. (*Id.*) Defendants Select Bank and Patrick E. Berrang filed responses opposing Wright's motion, (Dkts. 139, 140), and Wright filed a reply, (Dkt. 143).

## II.     Analysis

### A. Relief from Judgment under Rule 60(b)

Rule 60(b) permits a party to seek relief from a final civil judgment or order for a limited number of reasons.  A party who moves for relief under Rule 60(b) first must demonstrate "(1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances."  *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017).  If the movant makes those threshold showings, she then must satisfy one of the six grounds for relief enumerated in Rule 60(b), which are (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) fraud, misrepresentation, or misconduct by the opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) "any other reason that justifies relief."  Fed. R. Civ. P. 60(b); *see Wells Fargo Bank*, 859 F.3d at 299.

Wright has not identified any ground that warrants relief under Rule 60(b).  In her motion, she cites Rule 60(b)(1)–(4) and (6) and states that she "requests reconsideration based on newly discovered evidence, fraud, misrepresentation, and other misconduct by opposing counsel, as well as judicial error." (Dkt. 138 at 1.)  To start, several of her arguments simply reiterate points the court previously addressed and rejected in its July 28, 2025 memorandum opinion and order.  Rule 60(b) does not authorize a motion that merely seeks reconsideration of a legal issue already addressed by the court.  *See, e.g.*, *Gorbey v. Warden, USP Lee*, No. 7:17-cv-00218, 2019 WL 13241747, at *2 (W.D. Va. Oct. 15, 2019) (citing *CNF Constructors, Inc. v. Donohue Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995)).  Wright may appeal this court's decision

to the Court of Appeals for the Fourth Circuit if she believes the court incorrectly resolved any legal issues when it dismissed her claims.

Next, Wright asserts that certain actors in the state-court proceedings that prompted this federal lawsuit made misrepresentations or engaged in other misconduct during those proceedings. (Dkt. 138 at 2.) Those allegations lack support, and some directly conflict with exhibits she previously submitted.

Finally, Wright states that she "has obtained additional notarized affidavits, court filings, and verified proof of attorney misconduct" since the court's July 28, 2025 order. (Dkt. 138 at 2.) She further states that she is preparing declarations and other documentary evidence that relate to her dismissed claims. (*See* Dkt. 138-2.) She does not attach any of those documents to her motion. Wright has previously filed dozens of duplicative declarations and other exhibits in this case, and there is no indication that the evidence she wishes to submit was unknown to her before the court's order and "could not with reasonable diligence have [been] discovered" earlier. *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989).

Because Wright has not shown she is entitled to relief under Rule 60(b), the court will deny that portion of her motion.[1]

## B. Request for Recusal under 28 U.S.C. § 445

In her motion, Wright also argues that the district judge and magistrate judge assigned to this case must recuse themselves under 28 U.S.C. § 455(a) and § 455(b)(2). (Dkt. 138 at 1–

---

[1] While Wright has labeled her motion as a request for relief under Rule 60(b), the court notes that Wright also would not be entitled to relief under Rule 59(e). "A Rule 59(e) motion may only be granted in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted). None of those situations applies here.

3.) Section 455(a) provides that a federal judge or magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b)(2) specifically requires disqualification "[w]here in private practice [the judge] served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it." *Id.* § 455(b)(2).

Neither of those reasons for recusal applies here. Wright first suggests that this court cannot appear impartial in this case because one of the attorneys who has appeared on behalf of Defendant Select Bank previously worked as a law clerk for the United States District Court and Bankruptcy Court for the Western District of Virginia. (Dkt. 138 at 2–3.) Even if true, the attorney's prior employment as a law clerk in this district does not reasonably call the impartiality of the assigned district judge or magistrate judge into question. Wright also alleges on information and belief that the assigned magistrate judge previously worked in the same law firm as an attorney who is representing Select Bank in this matter. (*Id.*) But § 455(b)(2) requires recusal only where the judge practiced law with the lawyer at the same time the lawyer was involved in the matter in controversy. Wright has not alleged that those conditions exist here, so the court finds no basis for recusal under § 455(b)(2). Accordingly, the court will deny Wright's recusal motion.

## IV.    Conclusion

For the reasons outlined above, the court will **DENY** Wright's motion for Rule 60(b) relief and for recusal under 28 U.S.C. § 455 (Dkt. 138). An appropriate Order will issue.

**ENTERED** this 26th day of August, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE